Whitney *v.* Slauson.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Welles* and *Johnson,* Justices.]

---

WHITNEY *vs.* SLAUSON and others.

To sustain an action in the nature of an action of trover, for the wrongful withholding and detention of goods, after demand, the plaintiff must show, affirmatively, the facts requisite to constitute a conversion.

He must show a wrongful detention after the demand. A mere neglect, on the part of the defendant, to deliver upon demand, unless the goods are then in his possession, does not work a conversion of the property. The remedy, in such a case, is by another action.

The ability of the defendant, to comply with the demand when made, is an essential part of the proof on the part of the plaintiff, to sustain an action for a wrongful conversion.

Goods were purchased by C. of the defendants, and were by the latter boxed up for him, on the 4th of December, 1855. The defendants undertook to ship the goods to the plaintiff, but failed to do so, and there was no evidence to show what became of them after they were boxed up. Demand was made, of the goods, in October, 1856. *Held* that the law would not, under such circumstances, presume that the defendants had them in their possession at the time of the demand.

APPEAL from a judgment entered upon the report of a referee. The action was brought for the wrongful with-

holding and detention of a quantity of goods, groceries, &c. The referee found the following facts, viz: That on the 4th day of December, 1855, James D. Crank purchased of the defendants, at Rochester, the goods, wares and merchandise and groceries mentioned and described in the complaint, and directed them to be packed in a box and shipped by H. Shackleton's boat to Geneseo, the place of residence of said Crank; that the said goods were selected and packed in a box by the defendants, but were not shipped to the said Crank by said Shackleton's boat, and were never received by Crank; that the said goods, wares, merchandise and groceries became, and were, the property of said Crank. The referee further found that the defendants were possessed of the said goods, wares, merchandise and groceries, the property of the said James D. Crank; that the said Crank, on the 27th day of October, 1856, sold and assigned the said goods, wares, merchandise and groceries, to the plaintiff; that by such sale and assignment, the said goods and groceries became the property of the plaintiff; that the plaintiff, before the commencement of this action, demanded the same of the defendants; that the defendants neglected to deliver said goods, either to the said Crank or the plaintiff; that there was no evidence in the case to show what became of the goods and groceries, after the same were selected and boxed; that at the time they were selected and boxed, the box was placed and left in the store of the defendants. But it did not appear that said goods, &c. were not then in the possession of the defendants, and had not been for a long time previous to such assignment. The referee's conclusion of law from the foregoing facts was, that the defendants did not wrongfully withhold, keep or detain, or wrongfully convert to their own use, the said goods and groceries, and that the defendants were entitled to a judgment against the plaintiff for costs; to which decision or conclusion of law of the referee the plaintiff excepted. And from the judgment entered upon the referee's report, he appealed.

*W. F. Cogswell,* for the appellant.

*Danforth & Terry,* for the respondents.

*By the Court,* JOHNSON, J. This action is not in the nature of a special action on the case, for the loss of the goods, through the carelessness or negligence of the defendants as bailees, but is in the nature of an action of trover for the wrongful withholding and detention of such goods, upon demand by the plaintiff. To sustain the latter action, it is necessary for the plaintiff to show affirmatively the facts requisite to constitute a conversion. He must show a wrongful detention after demand. A mere neglect, on the part of the defendant, to deliver upon demand, unless the goods are then in his possession, does not work a conversion of the property. The remedy in such case is by another action. (*Hawkins* v. *Hoffman,* 6 *Hill,* 586. *Hill* v. *Covell,* 1 *Comst.* 522. *Hall* v. *Robinson,* 2 *id.* 293. *Bowman* v. *Eaton,* 24 *Barb.* 528.) The ability of the defendant to comply with the demand when made, is an essential part of the proof, on the part of the plaintiff, to sustain the action for a wrongful conversion.

The referee has found that the goods belonged to the plaintiff's assignor, and that the defendants had them in possession, and did not ship them to the owner as they undertook to do. He also finds that there is no evidence before him to show what became of the goods after they were left in the defendants' possession.

It is contended, on behalf of the appellant, that from the facts found by the referee, the law will presume the goods to have been in the defendants' possession, at the time of the demand by him. The referee finds that the goods were purchased by Crank, the plaintiff's assignor, of the defendants, and were by the latter boxed for him, on the 4th of December, 1855. The goods were sold and assigned by Crank to the plaintiff, on the 27th of October, 1856. The demand by the plaintiff appears to have been made soon after, and about a

Gansevoort *v.* Kennedy.

year after the purchase by Crank, from the defendants. Under such circumstances, in the absence of all evidence as to what had become of the goods, the law, I think, will not presume that the defendants had them in possession, at the time they were demanded in behalf of the plaintiff; and the referee was right, therefore, in his conclusion of law, that the defendants did not wrongfully detain the goods.

The assignment to the plaintiff doubtless carried with it any existing right of action against the defendants for a prior conversion, or negligent loss of the property. (*McKee* v. *Judd*, 2 *Kernan*, 622. *Waldron* v. *Willard*, 17 *N. Y. Rep.* 466.)

The plaintiff, however, upon the trial, disclaimed any purchase of any prior right of action, and claimed only on the ground of a purchase of the title of the goods, from Crank. But upon the same rules above adverted to, no cause of action was proved in favor of the assignor.

The cause was therefore disposed of correctly by the referee, and a new trial must be denied.

Judgment accordingly.

[MONROE GENERAL TERM, December 5, 1859. *T. R. Strong, Smith* and *Johnson*, Justices.]