Dearbourn v. Union National Bank.

---

FREDERICK W. DEARBOURN *vs.* UNION NATIONAL BANK.

*Trover—bailee. Evidence of inconsistent propositions. Demand— conversion.*

Trover cannot be maintained against a bank for United States bonds deposited therein, but which have been either lost or stolen therefrom.

When the evidence equally sustains each of the propositions, that bonds deposited in a bank were either lost, stolen, or misdelivered, neither of them can be regarded as established.

Demand and refusal will not be sufficient evidence of conversion, when it also appears that the property demanded was not at the time in the possession or control of the person on whom the demand was made, but that it had been previously lost, or stolen, or misdelivered.

ON REPORT.

*H. Orr*, for the plaintiff.

*Davis & Drummond*, for the defendants.

APPLETON, C. J.   This is an action of trover against the defendants for the alleged conversion of certain bonds of the United States, together with the coupons attached.   The bonds were left with the bank either as security for notes of the plaintiff discounted there, or on deposit.   In either event, the bank would be liable in trover for a conversion to its own use of the plaintiff's bonds, but not for a loss through negligence or by larceny.

In trover, a demand and refusal make out a *prima facie* case. But this is rebutted by proof that the property demanded was not at the time of the demand in the defendants' possession, nor under his control.   *Boobier* v. *Boobier*, 39 Maine, 407.   Trover will not lie against a bailee when the goods have been lost or stolen.   *Hawkins* v. *Hoffman*, 6 Hill, 586.   There must be some wrongful act on the part of the defendant.   A loss by mere nonfeasance will not sustain this form of action.   *Bowlin* v. *Nye*, 10 Cush. 416.   Trover cannot be maintained against a common carrier for not delivering goods intrusted to him for transportation, if the goods are not in his possession at the time of the demand, and have been either lost or stolen.   *Packard* v. *Gilman*, 4 Wend. 613.   Indeed there seems an entire concurrence of authorities that in case of a loss of goods by a bailee, or of a larceny from him, that he is not liable in trover.

The evidence fails to show how the loss of the bonds in question occurred.   They may have been lost, stolen, or misdelivered.   The evidence tends equally to sustain any one of these propositions.   In such case no one of them can be regarded as established.   Here, the action can only be maintained on proof of misdelivery, if at all, and that fact is not shown.   *Smith* v. *First National Bank in Westfield*, 99 Mass. 605.

The demand for these bonds was made by the plaintiff in August, 1868, and by his attorney in the following October.   The proof is satisfactory that before either of these dates the bonds in question had ceased to be in the custody or under the control of the defendants.

If they were stolen or lost through negligence, whatever remedy

the plaintiff has is in assumpsit, when a contract is proved to exist, or in case, for negligence. The writ contains only a count in trover, and the evidence fails to establish any conversion by the defendants.                                          *Plaintiff nonsuit.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.