E. D. SMITH *vs.* M. NICHOLSON, *et al.*

Opinion filed April 25th, 1896.

**Summons—When Issued.**

> Under section 4993, Comp. Laws (section 5354, Rev. Codes,) a summons is "issued" when it is duly drawn and signed with the intention that it be served, even though it yet remained in the hands of plaintiff's attorney.

**Right to Answer After Default.**

> When, under Subd. 5, § 4900, Comp. Laws (section 5260, Rev. Codes,) application is made by a party on whom service has been made by publication before judgment, but after he is in default, for leave to serve an answer and defend in the case, when the court holds that sufficient cause has been shown, the right of such party to defend against the claim of plaintiff and the whole thereof is absolute.

Appeal from District Court, Foster County; *Rose*, J.

Action by E. Delafield Smith against Malcolm Nicholson and Margaret Nicholson. From an order refusing to discharge attachment, and from a judgment for plaintiff, defendants appeal.

Reversed.

*S. L. Glaspell* and *Glaspell & Ellsworth*, for appellants.
*Fredus Baldwin*, for respondent.

BARTHOLOMEW, J. This action was based upon promissory notes executed by the defendants in favor of plaintiff. It was aided by attachment. The service was by publication. Defendants appeared specially, and moved to discharge the attachment. The court denied this motion, and this made the ground of the first assignment of error. It is urged that the writ of attachment was prematurely issued, in that, when the clerk issued the writ, no summons had been issued in the case. The summons was dated November 1, 1893, and was in due and proper form and signed by plaintiff's attorneys. The writ of attachment was issued November 3, 1893. The return of the sheriff of the proper county shows that he received the summons for service on November 4, 1893. On these facts it is claimed that the summons was not issued at the time the clerk issued the warrant of attach-

ment. Our statutes upon this subject, as found in the Compiled Laws, in force when this action was commenced, read as follows: "Section 4858. An action is commenced as to each defendant when the summons is served on him, or on a co-defendant who is a joint contractor or otherwise united in interest with him. An attempt to commence an action is deemed equivalent to the commencement thereof, when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided." Section 4892 reads: "Civil actions in the courts of this state shall be commenced by the service of a summons." Section 4993 specifies the actions in which and circumstances under which a writ of attachment may issue, and provides that "the plaintiff at the time of issuing the summons or at any time thereafter may have the property of such defendant or corporation attached, * * * and for the purpose of this section an action shall be deemed commenced when the summons is issued." In this case the writ of attachment was issued November 3, 1893. Was the summons which was drawn and signed November 1, 1893, "issued" prior to its delivery to the sheriff on November 4, 1893? To our minds, it seems clear that it was the legislative purpose in said section 4993 to declare an action in the cases therein specified to be commenced by other and different acts than such as were required to commence actions generally; otherwise it is fair to presume that the same language would have been used. So clear a diffence in language unmistakably shows a difference in purpose. If that summons was not "issued" until its delivery to the officer, then the case was sufficiently covered by sections 4858 and 4892, and there is no force in the special provision found in section 4993. We do not think the statute can be so construed. Section 4899, Comp. Laws, reads: "The summons may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action." Quotations from two authorities will fully illustrate our views, and the reasons therefor. In *White* v.

*Johnson*, 40 Pac. 511-516, the Supreme Court of Oregon says: "A summons may be said to have issued in an action commenced in the circuit or county courts of this state when it is made out and signed by the plaintiff or his attorney, and placed in the hands of the sheriff with the intention that it be served upon the defendant. It is difficult to see how anything less than this would constitute an issuance of a summons. The statute requires that the summons shall be served by the sheriff, and without a delivery to him for service such instrument is not yet endowed with vitality for any purpose." The case of *Mills* v. *Corbett*, 8 How. Prac. 500, was decided under statutes practically identical with ours. In that case an attachment issued while the summons was yet in the hands of plaintiff's attorney, and the same objection was made as here. The court said: "Had it been intended that the summons could be delivered to the sheriff, in order to warrant the attachment of the defendant's property, under the provisions of the 227th section, it may well be supposed that the same terms would have been employed to express such intention as are used in the 99th section. There it is provided that for the purposes specified the summons must be delivered to the sheriff, while to justify an attachment it is declared to be enough that the summons is 'issued.' Now, as the summons may be served by another person as well as the sheriff, I do not feel authorized to construe the word 'issued,' as used in the 227th section, as meaning the same thing as 'delivered to the sheriff,' in the 99th section. I think it is enough that the summons is made out and is ready for service." In the case at bar the summons was completed. It was intended that it should be served. It was in the hands of a party who had authority to serve it. We think it had vitality, and that it was "issued," and the action commenced, within the terms of section 4993, Comp. Laws.

The filing of the affidavit and bond for attachment is dated November 4, 1893, but the record shows without dispute that they were presented to the clerk on November 3d, and before he issued the writ of attachment. This was sufficient. In law they

were filed from the time they were presented to the clerk for the purpose of filing. It is urged also that the affidavit is indefinite because it uses the word "defendant" in the singular number while the writ is prayed and was issued against the property of both defendants. It is true that the affidavit does not specify which defendant in terms, but it uses the masculine personal pronoun in referring to the defendant. The bond run to Malcolm Nicholson only, and the attachment was levied only upon his property. He cannot claim that he is not sufficiently identified in the affidavit, and, as no property of Margaret Nicholson had been attached, she had no standing to urge the discharge of the writ. No attack upon the writ of attachment was made on the ground that the debt was not due, and no showing of that kind was made, and the point cannot be considered in this connection. The motion to discharge the attachment was properly denied.

On December 10, 1894, more than a year after the case was commenced, a general appearance for defendants was served upon plaintiff's counsel by the attorney who had made the special appearance, and a copy of the complaint demanded. This notice was returned on the same day, for the reason, as stated, that defendants were already in default. On December 18, 1894, plaintiff served notice upon the attorney for defendants of an application for judgment, and on December 28th, pursuant to such notice, judgment was ordered for $2,495.74 and costs. On January 31, 1895, the defendants appeared before the court by their attorney, plaintiff also appearing by his attorney, and moved the court to set aside the judgment, and that the defendants be permitted to have a new trial; and as a ground therefor alleged that "there is no cause of action stated in the complaint against defendant, in that the indebtedness is not yet due, and the judgment herein rendered is premature." This motion was granted on April 13, 1895. The complaint alleged the execution of five promissory notes by defendant in favor of plaintiff for the sum of $666.67, each dated August 12, 1891, bearing 6 per cent. interest, payable annually, the first note maturing January 1, 1894,

and the others at intervals of one year after that date. It also set forth the giving of a mortgage to secure said notes, containing a provision that in case of any default in payment the plaintiff might declare the whole sum due. It furthermore stated that default was made in the payment of the interest due August 12, 1893, and that plaintiff thereupon declared the whole sum due, and proceeded to foreclose the mortgage, and realized thereon a certain sum, which was applied in payment of the indebtedness, and judgment was asked for the balance. It will be observed that the amount realized on the foreclosure was more than sufficient to pay all accrued interest and the note that matured by its terms prior to the rendition of judgment on December 28, 1894. The ruling of the court in holding that the balance was not due under the provision in the mortgage is not before us for review. We must accept it as the law of this case, without expressing any opinion on the point.

After the judgment was set aside, and on April 20th, 1895, the attorney for the defendants made application to be allowed to answer in the case, and presented to the court an affidavit of merits, and his proposed answer. This application was doubtless made under the following language in Subd. 5, § 4900, Comp. Laws: "The defendant, against whom publication is ordered, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action; and, except in an action for divorce, the defendant against whom publication is ordered, or his representatives, may, in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within seven years after its rendition, on such terms as may be just." The judgment having been previously set aside unconditionally, the case stood as though no judgment had been entered. It was, therefore, an application by defendants against whom publication had been ordered for leave to defend before judgment. In such case, where there is sufficient cause shown, the right of the defendants to come in and defend is absolute, and no

terms can be imposed, as is the case where the application is made after judgment. The court, by order, permitted the defendants to defend as to a portion of plaintiff's claim; but, as the note maturing on January 1, 1895, had become due in the meantime, the court ordered judgment absolute for the amount due upon said note, and permitted a defense only as to the remaining notes. There is some confusion of dates in the abstract. While it is stated that the motion to set aside the original judgment was granted on April 13, 1895, in a subsequent portion of the abstract we find a formal order setting aside said judgment, dated June 29, 1895, and the same order directs judgment for the amount then due. But the application to be permitted to defend was made April 20, 1895; so, whether the judgment had then been vacated or was not vacated until June 29th is perhaps not very material. In the former case no judgment existed when the application to defend was made. In the latter the judgment was vacated in response to a prior motion before the application to be allowed to defend was ruled upon; so that in either case the application must be treated as an application before judgment. As the court allowed the defendants to defend as to the notes which the court held to be not due at the time of the application, we must hold that there was "sufficient cause shown," as no exception was taken to such ruling, and no complaint thereon is made, either in oral argument or otherwise. But the moment there was sufficient cause shown, then defendants' right to defend against the claim of plaintiff, and the whole thereof, became absolute, and could be burdened with no terms or conditions. From this it follows that the entry of judgment for the amount that the court held to be due at the time the application to be let in to defend was made was error, and such judgment must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed. All concur.