### RUBIN v. WELLS FARGO EXP. CO.

(Supreme Court, Appellate Term. January 7, 1904.)

**1. CARRIERS—CONVERSION—EVIDENCE—SUFFICIENCY.**

Plaintiff delivered defendant a package of goods for carriage, which defendant seasonably transported, but the consignee refused to accept them, and plaintiff was notified by defendant of such refusal. Plaintiff claimed that he instructed defendant by postal to return the goods. Defendant denied receipt of the postal, but on receiving a subsequent communication from plaintiff, which it did not understand, sent a representative for an explanation, and, receiving instructions for a return of the goods, at once communicated with its agent, and the goods were immediately shipped and tendered to plaintiff the first business day after their arrival. Plaintiff, a week before, had demanded their return by a letter claiming that they would be useless if not returned within three days. *Held*, that the facts did not justify a finding of a conversion by defendant.

**2. SAME—WHAT CONSTITUTES CONVERSION.**

Unless there is an absolute denial by a carrier of a shipper's right to a return of the goods, or unless the excuses for failure to return are unreasonable, inconsistent, or made in bad faith, there can be no conversion by the carrier, even on clear proof of demand by the shipper and failure to return.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Morris Rubin against the Wells Fargo Express Company. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Alexander & Green (William C. Prime, of counsel), for appellant.
Max Salomon, for respondent.

GREENBAUM, J.  The plaintiff brought action for conversion against the defendant, an express company.  On November 15, 1902, plaintiff delivered to defendant a package of goods consigned to a party at Grand Junction, Colo.  The goods were apparently seasonably transported by defendant to the consignee, who refused to accept them. Due notice of consignor's refusal was communicated to plaintiff, who claimed that he immediately, to wit, on November 27th, replied by a postal card that the goods be returned to him to his New York City address.  Defendant denied receipt of the postal card.  On December 13th plaintiff addressed a further communication to defendant, whereupon the latter, being unable to understand its purport, sent a representative to plaintiff on December 17th for an explanation, with the result that it received plaintiff's instructions to return the goods.  On the same day (17th) defendant communicated by letter with its Colorado agents, directing the return of the goods, which were at once shipped to New York City, where they arrived on the night of December 27th (Saturday night), and were tendered to plaintiff on the following Monday, two days after the commencement of this action.  On December 22d the plaintiff had sent a letter to defendant demanding the return of the goods, and claiming therein that, if the goods were not returned before December 25th, they would be of no value to him. Did the foregoing facts justify a finding of a conversion of the goods by defendant?  In my opinion, clearly not.  When the final demand was made on December 22d it is evident that it was a physical impossibility for defendant to comply, as the goods were many miles from New York City at that time.  Unless there is an absolute denial by defendant of plaintiff's right to a return of the goods, or the excuses for nondelivery are unreasonable, inconsistent, or made in bad faith, there can be no conversion by a common carrier, even upon clear proof of demand and failure to deliver.  The principle upon which this rule rests is discussed in Wamsley v. Atlas Steamship Co., 168 N. Y. 533, 61 N. E. 896, 85 Am. St. Rep. 699, citing cases.  Such state of facts is not here shown as would justify the inference that there had been an absolute refusal, nor was defendant's attitude in relation to the goods or the plaintiff's rights thereto such as to be tantamount to a refusal, which would warrant a court in holding the defendant guilty of conversion.  Nor is plaintiff without a remedy if he was damnified by the acts of the defendant.  It may be that the facts established would justify a finding of negligence, for which an action would lie.  Wamsley v. Atlas Steamship Co., supra.  Such an action, however, would be quite different in character and substance from that of conversion, not only upon the question of liability, but also the measure of damages. Ward v. N. Y. Central R. Co., 47 N. Y. 32, 7 Am. Rep. 405.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.