GOLDBOWITZ v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Term. December 23, 1904.)

1. CONVERSION—WHAT CONSTITUTES—LOSS BY CARRIER.

The failure of an express company to deliver goods intrusted to it for carriage, or to return them on demand, because of their loss, does not constitute a conversion by it of the goods.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Max E. Goldbowitz against the Metropolitan Express Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Ralph G. Miller, for appellant.

Charles Firestone, for respondent.

GILDERSLEEVE, J. This case comes up on an agreed statement of facts, in which statement counsel have agreed that the action is for a conversion.

Plaintiff delivered to the defendant a case containing merchandise, consigned to one Feinstein, 36 Orchard street, this city. The defendant failed to deliver the goods, and, when asked for the return of the same, claimed that they had been lost. This does not constitute conversion of the goods. Rubin v. Wells, Fargo Ex. Co. (Sup.) 85 N. Y. Supp. 1108.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.

FREEDMAN, P. J. I concur, inasmuch as the cause of action originally stated for the plaintiff was stipulated away in the "agreed state of facts."

¶ 1. See Carriers, vol. 9, Cent. Dig. § 339.