## PRESS v. DAVIS et al.

### (Circuit Court of Appeals, Seventh Circuit. February 18, 1893.)

### No. 75.

APPEAL—REVIEW—WAIVER OF OBJECTION.

Rev. St. § 700, which declares that, when there is a special finding in a case in which a jury has been waived, the review of the judgment "may extend to the determination of the sufficiency of the facts found to support the judgment," does not authorize a reversal of a judgment for alleged errors in the findings, where no objection was taken or exception reserved in the trial court.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

Assumpsit by Isaac Davis and others against Whiting G. Press. Plaintiffs obtained judgment. Defendant brings error. Affirmed.

Lewis H. Bisbee, for plaintiff in error.
John C. Black, for defendants in error.

Before WOODS, Circuit Judge, and BUNN and JENKINS, District Judges.

PER CURIAM. In this case the right of trial by jury was waived, and upon a special finding of facts the court gave judg-

ment for the plaintiffs in the sum of $2,890.25. The motion for a new trial, which seems to have been made and overruled, is not in the record. The errors assigned are directed to the question whether the judgment is supported by the facts found. The particular objection made is that the judgment is for too large an amount; that it should have been for a sum less than $2,000, and that for that reason the court lost jurisdiction, and should have dismissed the case. While we are satisfied of the sufficiency of the facts found to support the judgment, the record does not require a decision of the question. No objection was made nor exception taken when the judgment was entered, nor, so far as the record shows, was any suggestion offered that the judgment was not in all respects in conformity with the finding of facts. While it is true, under section 700 of the Revised Statutes, that "when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment," yet, in order to entitle a party to that review, he must have made the proper objection to the judgment as entered, or moved to modify it, and reserved an objection to the action of the court. That was the practice followed in the case of Smith v. Sac County, 11 Wall. 139, cited in appellant's behalf, and its propriety is manifest, as it gives the court an opportunity to supply any omission or correct an error in its findings.

The judgment is therefore affirmed, with costs.