## THE HATTIE PALMER.

### HAWKINS v. DAVIS.

(Circuit Court of Appeals, Second Circuit. May 28, 1895.)

SHIPPING—NONDELIVERY OF FREIGHT—CONVERSION.

A steamer making daily trips between New York and New Rochelle took some barrels of freight for delivery at City Island. On touching there, no person was in readiness to receive the same or pay the charges, and the steamer retained the goods on board, sending word to the consignee, whose place was about 200 yards from the landing, to have some one ready to receive the goods on the following day. This notice was received, but no one appearing on the steamer's return the next day, the goods were still retained on board. The next day the consignee arrested her on the libel for conversion. The wharf was not a safe place to leave the goods, and the vessel was all ready to deliver them on payment of the freight. *Held*, that there was no conversion, and the libel was properly dismissed with costs. 63 Fed. 1015, affirmed.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by John P. Hawkins against the steamboat Hattie Palmer (Charles W. Davis, claimant) to recover damages for the alleged conversion of three barrels of kerosene, one barrel of gasoline, and two cases of copper paint. The Hattie Palmer was a small passenger and freight steamboat plying between New York and New Rochelle, and the articles in question were shipped on her for delivery at City Island. On touching there, no one was on hand to receive the goods or pay the freight, and the goods were retained

on board; the master sending word to the consignee, whose place of business was but a short distance from the wharf, to have some one ready to receive the articles on the next day. On that day there was still no one to receive the goods, and they remained on board for still another day. The next day the consignee filed this libel, and caused the arrest of the steamboat, alleging a conversion of the goods. The district court dismissed the libel (63 Fed. 1015), and the libelant appeals.

George A. Black, for appellant.

Convers & Kirlin (J. Parker Kirlin, of counsel), for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. The facts of this case are essentially as stated in the opinion of the district judge. In his haste to punish the appellee, the libelant brought his suit before there had been any conversion of the goods by the carrier. Robinson v. Austin, 2 Gray, 564; Clark v. Masters, 1 Bosw. 177, 185; One Thousand Two Hundred and Sixty-Five Vitrified Pipes, 14 Blatchf. 274, Fed. Cas. No. 10,536; Everett v. Coffin, 6 Wend. 603; Ang. Carr. § 400. Under the averments of the libel, it may be that at the time when the suit was actually commenced, although not when the libel was verified, there was a cause of action for trivial damages, in favor of the libelant, for breach of contract by the carrier to deliver the goods within a reasonable time; but no damages were proved, and the cause was tried in the court below, as it has been argued in this court, upon the theory of a conversion. Had nominal damages been awarded, costs should have been, as they were, imposed upon the libelant. Courts of admiralty, like courts of equity, should visit costs upon suitors who resort to their jurisdiction merely to gratify a taste for vexatious litigation. Chapman v. Publishing Co., 128 Mass. 478; Allen v. Demarest, 41 N. J. Eq. 162, 2 Atl. 655; Moore v. Lyttle, 4 Johns. Ch. 183; Ben. Adm. (3d Ed.) § 550. The decree of the district court should be affirmed, with costs, and it is so ordered.