WEBB et al. v. NATIONAL BANK OF REPUBLIC OF CHICAGO.

(Circuit Court of Appeals, Eighth Circuit. September 5, 1906.)

No. 2,368.

1. TRIAL—TRIAL BY COURT—GENERAL EXCEPTION AFTER JUDGMENT FUTILE.
    An exception "to each, all, and every of said finding, conclusion, and judgment," after a judgment has been rendered on a special finding of facts made by the court at the close of a trial before it, is futile, in the absence of any objection, exception, or request for a declaration of law.

2. APPEAL—SUFFICIENCY OF FACTS FOUND TO SUSTAIN JUDGMENT—NECESSITY OF EXCEPTION.
    The question whether or not the facts found by the court sustain the judgment upon them arises on the face of the record, and no objection or exception is necessary to present it to an appellate court.

3. TRIAL—FINDING OF SUFFICIENT ULTIMATE FACTS NOT AVOIDED BY FINDING OF OTHER FACTS NOT INCONSISTENT.
    Where the finding by the court of the ultimate facts sustains the judgment and clearly shows that it is based on all the evidence and not on evidentiary or other facts it contains alone, and the latter facts are not necessarily inconsistent with the ultimate facts found, they present no ground for a reversal of the judgment.

4. SAME—FINDING NOT AFFECTED BY RECITAL OF FACTS IN OPINION.
    Where the court has made a separate special finding of facts upon which the judgment has been rendered, the recital of facts in the opinion of the court constitutes no part of the finding and cannot be invoked to assail it.

(Syllabus by the Court.)

In error to the Circuit Court of the United States for the Western District of Missouri.

Hiram W. Currey, for plaintiffs in error.

Frank Hagerman (Benjamin V. Becker, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This was an action brought by Webb and Wilson against the National Bank of the Republic for the conversion of 780 yearling steers. The issue was whether the defendant or the plaintiffs were the owners and entitled to the possession of the steers on June 4, 1901, when the conversion was alleged. A jury was waived and the cause was tried by the court which made and filed a special finding of facts, an opinion, and a judgment in favor of the defendant.

The plaintiffs assign many errors, but an examination of the record discloses the fact that the only exception they preserved was upon the entry of judgment and in these words: "To each, all, and every of said finding, conclusion, and judgment the plaintiffs and each of them at the time except."

In actions at law this is a court for the correction of errors of law of the court below and for this purpose alone. Exceptions to errors in the progress of the trial of a case are indispensable to their review by an appellate court. The purpose and office of an exception is to sharply call the attention of the trial court and of opposing counsel at the time to the specific ruling or finding challenged to the end that the court may at once correct it, if it is erroneous. An exception which does not give this notice of the specific error claimed utterly fails to perform its function and is futile. The exception here is of this nature. It neither suggests nor indicates which one of the several findings of fact or which of the numerous rulings of the court upon questions of law in the progress of the trial and decision of the case was then claimed to be wrong, or why this claim was made. This exception gave court and counsel no more notice of the alleged errors of which the plaintiffs now seek to avail themselves than their silence would have given. The court and opposing counsel would have been aware that the plaintiffs were of the opinion that the finding and the judgment against them were erroneous if no exception whatever had been taken, and the exception here under discussion gave them no more information. For this reason this exception presents nothing for the consideration of an appellate court, and the questions based upon it that have been discussed in the briefs and argument of counsel are beyond our reach.

No objection was made and no exception was taken to any ruling of the court during the progress of the trial. The bill of exceptions which appears in this record shows no request for any declaration of law or for any declaration that there was no substantial evidence to sustain a finding of facts in favor of the defendant or that there was none to sustain a finding of any of the special facts in issue (U. S. Fidelity & Guaranty Co. v. Commissioners of Woodson County [C. C. A.] 145 Fed. 144), and this court may not look beyond the bill of exceptions for such objections, exceptions, or declarations. Thus it appears that there is nothing in the record to indicate that any of the complaints of the rulings or findings founded upon this general exception were either called to the attention of the court below, or that it ever consciously ruled upon any of them. There can, therefore, be no error of the trial court to correct here, because none of the questions based upon this exception were ever consciously ruled by it.

It is conceded that an exception to each refusal to give each of several requests for instructions to a jury or for declarations of law in a trial by the court may be as effective as a separate exception to each refusal, because an exception of this nature calls the attention of the court as pointedly to each one of the requests. But neither the general exception taken after judgment in the case at bar nor any of the proceedings at the trial here called the attention of the

court in any way to the questions now springing out of this general exception, and for that reason they are not reviewable here. A trial court is entitled to a distinct specification of the matter, whether of fact or of law, to which objection is made, and an exception after a judgment at the close of a trial by the court in which a special finding of facts has been made, to each, all, and every finding, conclusion, and judgment therein, specifies no ruling or finding, has no more effect than no exception, and saves no question for review in an appellate court. Block v. Darling, 140 U. S. 234, 11 Sup. Ct. 832, 35 L. Ed. 476; St. Louis, I. M. & S. Ry. Co. v. Spencer, 71 Fed. 93, 95, 18 C. C. A. 114, 116; Price v. Parkhurst, 3 C. C. A. 551, 552, 53 Fed. 312, 313.

No objection or exception is required, however, to present to an appellate court the question whether or not the facts found sustain the judgment, because like the question whether or not a verdict sustains the judgment upon it, this is an issue of law which arises upon the face of the record. St. Louis v. The Ferry Company, 78 U. S. 423, 428, 20 L. Ed. 192; Tyng v. Grinnell, 92 U. S. 467, 469, 23 L. Ed. 733; Ætna Ins. Co. v. Boon, 95 U. S. 117, 125, 24 L. Ed. 395; Allen v. St. Louis National Bank, 120 U. S. 20, 30, 7 Sup. Ct. 460, 30 L. Ed. 573; Seeberger v. Schlesinger, 152 U. S. 581, 586, 14 Sup. Ct. 729, 38 L. Ed. 560; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 49 C. C. A. 229, 234, 111 Fed. 81, 86. Counsel for the plaintiffs assail the finding of facts upon the grounds that it is ambiguous, that it contains evidentiary as well as ultimate facts, and that the evidentiary facts do not sustain the finding of the ultimate facts. But the court found that the plaintiffs based their right of recovery on two mortgages, one given by Grimes and the other by Siegel; that the notes secured by the Grimes mortgage had been paid and the mortgage had been abandoned and canceled; that the Siegel mortgage was not intended to cover, and did not include, the cattle in controversy, and that the plaintiffs were not the owners and were not entitled to the possession of the steers. These findings are ample to sustain the judgment. It is true that the court found many evidentiary and other facts. But it also found and declared in its special finding that it found the ultimate facts which have been recited, not from the other facts which it found alone, but from these evidentiary facts "under all the evidence" which consisted of more than 200 printed pages. The other facts which are recited in the court's finding are not necessarily inconsistent with the ultimate facts it found and there is neither ambiguity nor uncertainty in the finding of the latter. Where the court's finding of the ultimate facts sustains the judgment and clearly shows that it is based on all the evidence and not on the evidentiary or other facts it contains alone and that the latter are not necessarily inconsistent with the ultimate facts found, the other facts present no ground for a reversal of the judgment. Anglo-American Land, &c., Co. v. Lombard, 132 Fed. 721, 735, 68 C. C. A. 89, 103.

The facts recited in the opinion of the court where it has made a separate special finding of facts constitute no part of the finding and cannot be invoked to avoid it. North American Loan & Trust Co. v.

Colonial & U. S. Mortg. Co., 28 C. C. A. 88, 95, 83 Fed. 796, 803; Ogden City v. Weaver, 47 C. C. A. 485, 487, 108 Fed. 564, 566.

The mortgages are not set forth in the pleadings or in the finding. Their construction, their true meaning, the existence of substantial evidence to sustain the special finding or any part of it and every other question conditioned by the evidence in this case has been waived by the absence of all objections, requests for declarations of law and exceptions during the progress of the trial, and there is no escape under the established practice of the Supreme Court and of this court from an affirmance of the judgment below. The judgment is accordingly affirmed.

ADAMS, Circuit Judge, specially concurring. I fully concur in the affirmance of this judgment for the reasons stated in the foregoing opinion; but I am constrained to withhold my approval of any expressions which assert or assume that declarations of law may be required of a trial judge sitting without a jury, or that error may be assigned on the court's action thereon. This court in a carefully prepared opinion well supported by citations from the Supreme Court (Searcy County v. Thompson, 13 C. C. A. 349, 66 Fed. 92), announced a rule inconsistent with those expressions and I am not in favor of overruling or reconsidering the doctrine of that case, until the question of practice shall fairly arise and require a ruling at our hands. It cannot be claimed that it arises in this case. No declarations of law were requested or acted on and no discussion of the question was had at the bar.