CHICAGO, R. I. & P. RY. CO. v. BARRETT et al.

(Circuit Court of Appeals, Sixth Circuit. July 12, 1911.)

No. 2,085.

1. CARRIERS (§ 94*)—DELAY IN DELIVERY OF GOODS—MEASURE OF LIABILITY.
   The mere nondelivery of cotton by a carrier, even though a reasonable time for delivery had elapsed, does not, without other wrongful act, constitute a conversion so as to render the carrier liable for its value, but gives a right of action only for the damages caused thereby.
   [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 371; Dec. Dig. § 94.*]

2. APPEAL AND ERROR (§§ 223, 242, 527*)—REVIEW—TRIAL WITHOUT JURY.
   A special finding made by a trial court where a jury is waived becomes a part of the record, and the appellate court may, under Rev. St. § 700 (U. S. Comp. St. 1901, p. 570), determine its sufficiency to support the judgment without a bill of exceptions, and even though no exception was taken to the judgment in the court below, or any specific ruling made on the question of law involved.
   [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 223, 242, 527.*]

3. APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CAUSE—REVERSAL.
   Where on a writ of error a special finding is found to be insufficient to support the judgment, and silent as to essential facts involved under the issues, and as to which there is a conflict in the testimony, the appellate court, being limited to a determination of the questions of law arising upon the record, cannot supplement or piece out the imperfect findings of fact by its own original investigation and determination of original facts, but in such case the judgment should be reversed, and the case remanded for a new trial.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4599; Dec. Dig. § 1177.*]

4. APPEAL AND ERROR (§ 719*)—REVIEW—FINDINGS OF FACT.
   Where the special findings of fact made by a trial court are insufficient to support the judgment, the error is of such controlling character that the Circuit Court of Appeals will take notice of it under its rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii), although without a sufficient assignment of error.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2976; Dec. Dig. § 719.*]

In Error to the Circuit Court of the United States for the Western District of Tennessee.

Action at law, by Thomas Barrett, Jr., A. L. Waldo and Henry D. Hynds, trustees in bankruptcy of Inman & Co., for the use of the Maritime Insurance Company, against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiffs, and defendant brings error. Reversed.

E. E. Wright and Alex C. King, for plaintiff in error.
Caruthers Ewing, for defendants in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and SANFORD, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SANFORD, District Judge. This suit was brought by the trustees of Inman & Co., bankrupts, the defendants in error, to recover of the Railway Company, the plaintiff in error, for the use of the Maritime Insurance Company, Limited, the value of 263 bales of cotton alleged to have been received by the Railway Company from Inman & Co. for transportation and not delivered.

The issues were tried by the Circuit Court without the intervention of a jury, in pursuance of a written stipulation filed under section 649 of the Revised Statutes (U. S. Comp. St. 1901, p. 525). The court made a special finding of facts and upon such findings rendered judgment against the Railway Company for $17,100.90, and costs. A motion for a new trial having been overruled, the Railway Company has brought this writ of error to review the judgment.

The declaration, which was filed July 12, 1909, alleged, so far as here material, that the firm of Inman & Co., of which the plaintiffs below were the trustees in bankruptcy, owned, prior to the adjudication in bankruptcy, in May, 1908; 263 bales of cotton, which were delivered to the Railway Company, a common carrier, at various points in the state of Arkansas on various dates, for transportation and delivery to Inman & Co. at Little Rock, Ark.; that said cotton was never delivered to Inman & Co., and the Railway Company was liable for its failure to deliver said cotton within a reasonable time; that a reasonable time for transporting and delivering said cotton was not exceeding 10 days from its delivery to the Railway Company, and yet said Railway Company had not only failed to deliver the cotton within a reasonable time but had failed to deliver it at all, and the same had never yet been delivered, though demand had been made therefor; that the reasonable market value of the cotton at the time and place where it should have been delivered by the Railway Company was $20,000.00; that the cotton, for loss of which the suit was brought, had been shipped unbilled and negligently kept by defendant Railway Company in its cars and on the ground for a long time, and became greatly damaged by negligent handling, and while undertaking to rework the cotton, or a part of it, to reduce the damages, the Railway Company had lost said cotton, or a part thereof, and had failed to deliver the same; that the suit was brought to recover for the cotton received by the Railway Company for transportation and never delivered to the consignee; that prior to delivery to the Railway Company Inman & Co. had said cotton insured against loss in the Maritime Insurance Company, Limited, and that after the defendant Railway Company became liable therefor and failed to pay for said cotton said Insurance Company, as under its insurance contract it was obligated to do, paid Inman & Co. therefor, and in settlement of said loss it was understood and agreed that the recovery of the Railway Company of the value of said cotton should be by the plaintiffs paid to said Insurance Company and said Insurance Company became subrogated for its indemnity to any and all rights of Inman & Co., or the plaintiffs, as trustees; and that the suit was brought and prosecuted for the use and benefit of said Insurance Company.

The declaration did not, however, aver the destruction of the cotton, either by fire or otherwise.

The Railway Company filed pleas of the general issue, and also a special plea to the effect that it had duly delivered the cotton at its destination to the Gulf Compress Company for the account of Inman & Co. and subject to their order, and that while the cotton was stored in this compress after such delivery it was destroyed by fire without any negligence or fault upon the part of the Railway Company.

By stipulation of the parties it was agreed, among other things, that the plaintiffs were the trustees of Inman & Co. and had been authorized by the court of bankruptcy to bring the suit; that the defendant admitted liability for 23 bales of the cotton and denied liability for the remaining 237 bales; that said 237 bales were delivered to the Railway Company at various points in Arkansas for transportation to Inman & Co. at Little Rock, Ark., on the average date of December 16, 1906; that the average weight of each bale was 512 pounds and the average price $10\frac{3}{4}$ cents per pound; and that said 237 bales were burned in the Gulf compress on July 17, 1907, at Little Rock, Ark. The undisputed evidence further showed that this cotton was consigned to Inman & Co. at Little Rock, Ark., and in pursuance of written directions from Inman & Co. was to be delivered at that place to the Gulf Compress Company, which handled cotton for Inman & Co. and other shippers; that it was shipped by the Railway Company unbilled; that in consequence upon its arrival at the Compress Company it could not be identified, and the Compress Company refused to accept delivery; that it was then deposited for some time in a field near the compress, where it became materially damaged, and later was taken to the Compress Company for the purpose of being reconditioned, that is, of being rebaled when necessary and otherwise placed in proper condition. There is conflicting evidence, however, as to whether Inman & Co. made a demand on the Railway Company for the delivery of the cotton or refused to accept delivery of it in its damaged condition without reconditioning and settlement of the claims for damage; as to whether the sending of the cotton to the Compress Company for the purpose of being reconditioned was done by the Railway Company for its own protection or at the instance of Inman & Co. and as a condition of settlement demanded by them; and as to whether it was reconditioned by the Compress Company as the agent of the Railway Company or as the agent of Inman & Co. and under the supervision of their officers and agents.

It is undisputed, however, that while still at the compress, more than six months after the original shipments and when the reconditioning had been nearly, if not entirely, completed, the cotton was destroyed by fire in the compress, the cause of the fire not, however, being shown; and that thereafter the Insurance Company paid the amount of the loss caused by the fire to Inman & Co., taking their receipt therefor, in which it was recited that in consideration of this payment the Insurance Company was subrogated to all the rights of recovery and claim of Inman & Co. against the Railway Company, and

that subsequent to such payment Inman & Co. had no interest in such recovery except for the benefit of the Insurance Company.

The findings of fact made by the trial judge were as follows:

"In this case the court finds that Inman & Co. delivered to the defendant two hundred and sixty (260) bales of cotton of an average weight of (512) five hundred pounds each, and of an average value of ten and three-quarter cents (10¾) per pound, on December 16, 1906, and that a reasonable time within which delivery should have been made thereof was ten days, and that the defendant has never complied with its obligation to deliver said cotton, nor (now) made such tender thereof to the consignee as relieves it from its liability as a common carrier. I find that the right of the Insurance Company to be subrogated to the rights of Inman & Co. was not waived, and that the Insurance Company, having paid Inman & Co., for the loss of the cotton in question, is entitled to subrogation. I find that plaintiffs are entitled to recover of the defendant the value of 260 bales of cotton of an average weight of 512 pounds per bale, and the average value of 10¾ cents per pound, with interest from January 1, 1907."

A judgment was thereupon entered in which it was recited that "the court having heard the evidence and duly considered the same, and having made a special finding of facts now finds in favor of the plaintiffs and against the defendant," and it was ordered and adjudged that the plaintiffs recover of the defendant Railway Company, for the use and benefit of the Insurance Company, the sum of $14,310.40, with interest from January 1, 1907, amounting to $2,790.50, making a total of $17,100.90, together with all the costs of the cause. The defendant excepted to the rendition of this judgment.

Subsequently, upon the defendant's petition to rehear and motion for new trial, the court, in a memorandum opinion, stated that upon re-examining the testimony he thought its greater weight warranted "the finding that there was no delivery of the cotton to the plaintiff;" and both the petition to rehear and motion for a new trial were disallowed.

We are of the opinion that the judgment below should be reversed and a new trial granted, for the following reasons:

1. While the declaration is inartificially framed, it must clearly be regarded as a suit to recover the value of the cotton on account of its conversion by the Railway Company before the fire, as distinguished from a suit to recover damages arising either from negligent delay in delivery or from the destruction of the cotton by fire. No evidence was introduced either as to the extent of the damages caused by the delay in delivery or as to the cause of the fire; and it is clear from the entire record that the case was tried by both sides as a suit for conversion, and that it was upon this theory alone that the court below rendered judgment for the entire value of the cotton.

And it is upon this theory that the case has been argued in this court. Thus in the brief in behalf of the trustees it is specifically stated that it "is immaterial that the cotton was burned;" that the "declaration casts the right of recovery on a conversion of the cotton by defendant;" that "the admitted facts and the facts as found by the trial judge establish a conversion," and that this conversion arises from the fact that after the Railroad Company had by its negligent failure left a delivery in abeyance, it removed the cotton and took pos-

session of it and refused to surrender the cotton to the consignee though in its possession when the consignee demanded it, and exercised rights of ownership over the cotton in defiance of the rights of the consignee, thus constituting a conversion which made the Railroad Company liable and created an obligation to pay for the cotton which cannot be defeated by what thereafter happened to the cotton.

It follows, therefore, that under the declaration as construed by the parties and the court and upon the theory on which the case has been tried, the correctness of the judgment of the court below must be tested by the rules applicable to an action for the value of the cotton on account of its conversion, and that it cannot be here sustained as a recovery for the damages arising either from a mere negligent delay in transportation and delivery, or from its destruction by fire. The Hattie Palmer (2d Circuit) 68 Fed. 380, 15 C. C. A. 479.

2. It is clear that if the finding of facts by the trial court had shown, in addition to an unreasonable delay in delivery, acts of misfeasance, such as an unexplained refusal on the part of the Railway Company to deliver the cotton, after demand, or a wrongful appropriation of the cotton by the Railway Company, such finding of facts would show a conversion of the cotton which would support the judgment for its value. Angell on Carriers (5th Ed.) § 431; 6 Cyc. 513; Hawkins v. Hoffman, 6 Hill (N. Y.) 586, 41 Am. Dec. 767; Wamsley v. Steamship Co., 168 N. Y. 533, 61 N. E. 896, 85 Am. St. Rep. 699; Hamilton v. Railway Co., 103 Iowa, 325, 72 N. W. 536; Rubin v. Express Co. (Sup.) 85 N. Y. Supp. 1108. And see Garvin v. Luttrell, 10 Humph. (Tenn.) 16, 22; Duckworth v. Overton, 1 Swan (Tenn.) 381; Roach v. Turk, 9 Heisk. (Tenn.) 708, 715, 24 Am. Rep. 360; Merchants' Nat. Bank v. Trenholm, 12 Heisk. (Tenn.) 520, 524.

[1] On the other hand it is equally clear that the mere nondelivery of the cotton, even though a reasonable time for delivery had elapsed, being a misfeasance only, does not, without other wrongful act, constitute a conversion so as to render the carrier liable for its value, but gives a right of action only for the damages caused thereby. 2 Hutchinson on Carriers (3d Ed.) § 651; 3 Id. § 1372, citing many cases; Angell on Carriers (5th Ed.) § 433; The Hattie Palmer (2d Circuit) 68 Fed. 380, 15 C. C. A. 479; Hawkins v. Hoffman, 6 Hill (N. Y.) 586, 41 Am. Dec. 767; Scovill v. Griffith, 12 N. Y. 509; Wamsley v. Steamship Co., 168 N. Y. 533, 61 N. E. 896, 85 Am. St. Rep. 699; Goldbowitz v. Express Co. (Sup.) 91 N. Y. Supp. 318.

3. However, in the present case the finding of facts shows merely that there had been no delivery of the cotton by the Railway Company, although more than a reasonable time for delivery had elapsed. The sole finding is:

"That a reasonable time within which delivery should have been made * * * was ten days, and that the defendant has never complied with its obligation to deliver said cotton nor (now) made such tender thereof to the consignee as relieves it from its liability as a common carrier."

There is no finding whatever of any refusal to deliver the cotton after demand or other act of misfeasance that would constitute a conversion of the cotton. Nor is this omission cured by the supplemental

finding on the petition to rehear, even if this can be looked to in support of the judgment, since here again there is merely a finding that there has never been any delivery of the cotton. Neither is the finding of facts enlarged by the recital in the judgment that "the court having heard the evidence and duly considered the same and having made a special finding of facts now finds in favor of the plaintiffs and against the defendant." Obviously this imports into the judgment no finding of facts beyond that contained in the special findings. Thus, where the facts are agreed on, a recital in the judgment that the court finds the issues in favor of one of the parties is no more than a declaration that it finds the issue of law in favor of such party on the agreed case. Supervisors v. Kennicott, 103 U. S. 554, 556, 26 L. Ed. 486; Anderson v. Messinger (C. C. A., 6) 146 Fed. 929, 77 C. C. A. 179, 7 L. R. A. (N. S.) 1094.

It results, therefore, that the special finding of facts can be considered only as a finding that the Railway Company had never delivered or tendered the cotton as required by its obligation as a common carrier, although more than a reasonable time for delivery had elapsed. Such finding of facts is, however, under the authorities above cited, clearly insufficient to support a judgment against the Railway Company for the value of the cotton upon the theory of its conversion.

4. Section 700 of the Revised Statutes (U. S. Comp. St. 1901, p. 570) provides, however, as follows:

"When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

[2] A special finding made by the trial court under this statute becomes a part of the record, and the appellate court may without a bill of exceptions determine whether the finding is sufficient to support the judgment. St. Louis v. The Ferry Co., 11 Wall. 423, 428, 20 L. Ed. 192; Tyng v. Grinnell, 92 U. S. 467, 23 L. Ed. 733; Insurance Co. v. Boon, 95 U. S. 117, 124, 24 L. Ed. 395; Allen v. St. Louis Bank, 120 U. S. 20, 30, 7 Sup. Ct. 460, 30 L. Ed. 573. It is furthermore now settled that the question of law whether the special finding of facts supports the judgment is open for determination by the appellate court, although no exception was taken to the judgment in the court below or any specific ruling made by the court below on the question of law involved. Seeberger v. Schlesinger, 152 U. S. 581, 14 Sup. Ct. 729, 38 L. Ed. 560; United States v. Ady (8th Circuit) 76 Fed. 359, 360, 22 C. C. A. 223; Hooven v. Featherstone (8th Circuit) 111 Fed. 81, 86, 49 C. C. A. 229; Webb v. National Bank of Republic (8th Circuit) 146 Fed. 717, 719, 77 C. C. A. 143. And see in direct analogy The Adriatic, 107 U. S. 512, 2 Sup. Ct. 355, 27 L. Ed. 497; also Walker v. Miller (8th Circuit) 59 Fed. 869, 8 C. C. A. 331; Mercantile Trust Co. v. Wood (8th Circuit) 60 Fed. 347, 8 C. C. A. 658; Weist v. Morlock, 116 Mich. 606, 74 N. W. 1012; Stafford v. Crawford, 118 Mich. 285, 76 N. W. 496. It is true that an opposite con-

clusion was reached in Press v. Davis (7th Circuit) 54 Fed. 267, 4 C. C. A. 318, and that it was suggested obiter in the opinion of this court in Humphreys v. Third National Bank (6th Circuit) 75 Fed. 852, 856, 21 C. C. A. 538, in language which was quoted obiter in the opinion of this court in Fales v. Insurance Co. (6th Circuit) 98 Fed. 234, 236, 39 C. C. A. 38, that if a party wishes to except to conclusions of law drawn by the court below from facts found he should have them separately stated and excepted to. In view, however, of the context and of the language used by the Supreme Court in Norris v. Jackson, 9 Wall. 125, 128, 19 L. Ed. 608, and Insurance Co. v. Sea, 21 Wall. 158, 160, 22 L. Ed. 511, upon which this suggestion was apparently based, it is somewhat doubtful whether it was intended to apply to a special finding "which raises the legal propositions," or to do more than state the necessity of a separate ruling on the propositions of law involved in the case of a general finding of both fact and law. But, however this may be, in view of the direct ruling by the Supreme Court in Seeberger v. Schlesinger, supra, at page 586 of 152 U. S., at page 731 of 14 Sup. Ct. (38 L. Ed. 560), that no exception is necessary, "in case of special findings by the court to raise the question whether the facts found support the judgment," if there be any intimation to the contrary in the suggestions contained in Humphreys v. Third National Bank, supra, and Fales v. Insurance Co., supra, in neither of which the ruling of Seeberger v. Schlesinger was called to the attention of the court, the same must now be overruled.

Since, therefore, no exception in the court below is necessary to raise in this court the question whether the special finding is sufficient to support the judgment, it is unnecessary to determine whether if such exception had been necessary the general exception which was made in this case to the rendition of the judgment without specifying the ground of the exception would have been sufficient. See Press v. Davis (7th Circuit) 54 Fed. 267, 4 C. C. A. 318; Nashua Iron & Steel Co. v. Brush (1st Circuit) 91 Fed. 213, 219, 33 C. C. A. 456; Webb v. National Bank of Republic (8th Circuit) 146 Fed. 717, 718, 77 C. C. A. 143; Keely v. Ophir Mining Co. (8th Circuit) 169 Fed. 598, 600, 95 C. C. A. 96.

[3] 5. It is furthermore clear that where under writ of error the special finding is found to be insufficient to support the judgment and silent as to essential facts involved under the issues in the case and as to which there is a conflict in the testimony, the appellate court, being limited in reviewing the judgment below to a determination of the questions of law arising upon the record, cannot supplement or piece out the imperfect findings of fact by its own original investigation and determination of additional facts; but in such case the judgment below should be reversed and the case remanded for a new trial. Anglo-American Land Co. v. Lombard (8th Circuit) 132 Fed. 731, 734, 68 C. C. A. 89, and opinion of Judge (now Mr. Justice) Lurton in Quinlan v. Green County, 157 Fed. 33, 48, 84 C. C. A. 537, 19 L. R. A. (N. S.) 849. This is in direct analogy to the rule of procedure applicable where the special verdict of the jury does not contain findings sufficient to support the judgment (Ward v. Cochran, 150 U. S. 597,

610, 14 Sup. Ct. 230, 37 L. Ed. 1195), or where the case is tried on an agreed statement of facts which is insufficient to support the judgment (Graham v. Bayne, 18 How. 60, 15 L. Ed. 265; Burnham v. North Chicago St. Ry. Co. [7th Circuit] 78 Fed. 101, 23 C. C. A. 677). And see Clement v. Insurance Co., 7 Blatchf. 51, 5 Fed. Cas. 1022.

6. However, in the present case the Railway Company has not filed any assignment of error to the effect that the special findings of fact of the trial court were insufficient to support the judgment. This would clearly have been the proper method of raising this question.

It is true that it has assigned as error that the court below erred in refusing to find, as specially requested by it at the conclusion of all the proof, that while the Railway Company had negligently and unreasonably delayed the shipment of the cotton and there had been unreasonable delay in its delivery, the mere delay on the part of the Railway Company was not an act of conversion; that the storing in the compress was not an act of conversion; that the Railway Company had never declined to deliver the cotton; and that no acts of conversion had been proven. There was, however, a material conflict in the evidence upon the question whether the Railway Company had in fact converted the cotton by refusal to deliver upon demand or otherwise; and the conflict in the evidence is such that we cannot say, as matter of law, that the court was in error in declining to make this special finding of facts in favor of the Railway Company. See City of New York, 147 U. S. 72, 13 Sup. Ct. 211, 37 L. Ed. 84.

[4] After a careful consideration we are of opinion, however, that as the court did not either specifically refuse or grant this request, but made a finding of facts which is insufficient to support the judgment for the value of the cotton, this error is one of a controlling character of which the court should take notice, although without sufficient assignment of error, under the provision of rule 11 of this court that even where errors are not properly assigned, "the court, at its option, may notice a plain error not assigned." 150 Fed. xxvii, 79 C. C. A. xxvii; City of Memphis v. St. Louis & S. F. R. Co. (6th Circuit) 183 Fed. 529, 106 C. C. A. 75.

7. As this question is conclusive of the matters now submitted to this court for decision, we pass, without determination, various other questions of importance argued by counsel or suggested by the record, such as the question whether plaintiffs below seek in their declaration to recover for the use of the Insurance Company solely upon the theory of subrogation arising from the payment of the fire loss, and whether, upon that theory, the Insurance Company on paying the fire loss became subrogated, as a matter of law, to a claim against the Railway Company for a conversion of the cotton independently of liability for its destruction by fire, or whether the plaintiffs also seek to recover for the use of the Insurance Company upon the theory of an actual assignment to the Insurance Company of Inman & Co.'s claim for conversion of the cotton, and have upon that theory established any such assignment in fact.

8. For the reason, therefore, that the finding of facts is insufficient to support the judgment of the court below, the judgment will be reversed and the case remanded for a new trial.