## PENNOK OIL CO. v. ROXANA PETROLEUM CO. OF OKLAHOMA.

(Circuit Court of Appeals, Eighth Circuit. April 19, 1923.)

### No. 6083.

1. **Appeal and error** ⬅209(1)—**Want of evidence to support findings of court not considered, unless question raised below.**

When an action at law is tried by the court on a written waiver of jury, the appellate court cannot consider the question of whether or not there is substantial evidence to support the trial court's finding, unless the question was raised and presented in that court for its decision.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Appeal and error** ⊚⟹1008(2)—**Finding of court conclusive as to questions of fact and mixed questions of law and fact.**

Where a jury is waived, the general finding of the court on questions of fact, or mixed questions of law and fact, is conclusive, save as to questions of law reserved by demurrer, motion, request, or exception.

**3. Appeal and error** ⊚⟹1010(1)—**Refusal to find questions of fact as requested conclusive on appeal.**

Where in a case tried to the court under U. S. Comp. St. § 1587, requests for findings of law, which in reality are findings of fact, or mixed questions of law and fact, were refused, any error in such refusal was in not giving sufficient weight to the testimony, and where there was substantial evidence bearing on the questions involved, such refusal to find as requested is conclusive on the appellate court; the questions of weight of evidence being for the trial court.

**4. Trial** ⊚⟹392(4)—**Instruction not applicable to case under court's finding of fact properly refused.**

In an action tried to the court, under U. S. Comp. St. § 1587, a jury being waived, the refusal of a request for a finding or conclusion of law is not error, where not applicable to the case, in view of the court's findings of fact.

**5. Evidence** ⊚⟹432, 434(8)—**Fraudulent representations leading up to contract admissible, and not merged in contract.**

In an action for damages, where the petition alleged two theories for recovery, one for false representations inducing plaintiff to part with his money, and the other a failure of consideration, statements and representations of defendant prior to the contract were admissible as against the objection that they were inconsistent and contradictory, and merged in the later contract.

**6. Appeal and error** ⊚⟹1052(7)—**Error in admission of testimony not prejudicial, where court's finding was placed on another ground.**

In an action for the recovery of money paid for certain oil and gas rights on the ground of fraud and failure of consideration, any error in admitting the alleged fraudulent statements leading up to the contract was not prejudicial to defendant, where the court placed its finding as to plaintiff's right to rescind on defendant's defect in title.

**7. Mines and minerals** ⊚⟹59—**Defect in title constituting failure of consideration and warranting rescission of agreement to sell.**

A substantial defect in defendant's title *held* a substantial failure of consideration for the agreement to sell to plaintiff the right to purchase oil and gas rights, and to warrant the plaintiff to rescind and recover back his purchase money.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by the Roxana Petroleum Company of Oklahoma against the Pennok Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Alvin Richards and Preston C. West, both of Tulsa, Okl. (Roger S. Sherman, Grey Moore, and A. A. Davidson, all of Tulsa, Okl., on the brief), for plaintiff in error.

William F. Fahey and John J. Yowell, both of St. Louis, Mo. (Koerner, Fahey & Young, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN and KENYON, Circuit Judges, and SYMES, District Judge.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KENYON, Circuit Judge. Defendant in error brought suit in the District Court of the United States for the Western District of Oklahoma to recover the sum of $25,000, which it claimed to have paid by virtue of a certain contract made with plaintiff in error by letters and telegrams whereby defendant in error obtained the right to buy from plaintiff in error oil and gas rights in certain properties in Oklahoma designated in the petition as the "Parker properties." Defendant in error in the trial court based its claim on two counts: First, that there were false and fraudulent representations and that it was led into making said contract by said representations; second, a failure of consideration. The case was tried to the court, a jury being waived by written stipulation under section 1587, U. S. Compiled Statutes. The court found generally in favor of the defendant in error and entered judgment against plaintiff in error for the sum of $25,000 and costs.

[1] At the close of the evidence requests were made by plaintiff in error for certain findings as propositions of law. There was no motion or request at the conclusion of the evidence to find for plaintiff in error upon the ground that there was no substantial evidence to support a judgment against it. Thus we have a situation often presented where a case is tried to the court by written agreement under the federal statute, and the right of review in this court limited by the condition of the record; the statute giving to the findings of the court, whether general or special, the same effect as to facts, as a jury verdict. It has been settled by many decisions, in this jurisdiction and elsewhere, that when an action at law is tried by the court upon a written waiver of jury, the appellate court cannot consider the question of whether or not there is substantial evidence to support the trial court's finding unless the question is raised and presented in that court for its decision. United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1; Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; Consolidated Coal Co. of St. Louis v. Polar Wave Ice Co., 106 Fed. 798, 45 C. C. A. 638; Searcy County v. Thompson, 66 Fed. 92, 13 C. C. A. 349. In Seep v. Ferris-Haggarty Copper Mining Co. et al., 201 Fed. 893, 120 C. C. A. 191; this court pointed out clearly, where there was a trial of a law action with waiver of jury, the method of preserving questions for review. See, also, on the general subject, McMaster v. New York Life Ins. Co., 99 Fed. 856, 40 C. C. A. 119; Webb et al. v. National Bank of Republic of Chicago, 146 Fed. 717, 77 C. C. A. 143; Mound Valley Vitrified Brick Co. v. Mound Valley Natural Gas & Oil Co., 205 Fed. 147, 123 C. C. A. 478; Felker v. First Nat. Bank of Cincinnati, Ohio, 196 Fed. 200, 116 C. C. A. 32; Tiernan et al. v. Chicago Life Ins. Co., 214 Fed. 238, 131 C. C. A. 284; McClay v. Fleming (C. C. A.) 271 Fed. 472; Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000.

[2] In view of this record, let us examine the assignments of error to determine what is properly before us. Assignments of error No. 3 to No. 15, inclusive, relate to questions of fact or to mixed questions of law and fact, and the court having made a general finding, it is the

same as the verdict of a jury, and as said by this court in United States Fidelity & Guaranty Co. v. Board of Commissioners of Wood-son County, Kan., 145 Fed. 144, 151, 76 C. C. A. 114, 121, "concludes all issues of fact and all mixed questions of fact, and law, save the questions of law reserved by demurrer, motion, request, or exception." American Credit Indemnity Co. v. Athens Woolen Mills, 92 Fed. 581, 34 C. C. A. 161; Humphreys v. Third Nat. Bank of Cincinnati, Ohio, 75 Fed. 852, 21 C. C. A. 538; Martinton v. Fairbanks, 112 U. S. 670, 673, 5 Sup. Ct. 321, 28 L. Ed. 862; Stanley v. Supervisors of Albany, 121 U. S. 535, 7 Sup. Ct. 1234, 30 L. Ed. 1000.

Assignment of error No. 16 is in reality that there is no substantial evidence in the record to sustain the cause of action set forth in the complaint. It is not tenable, because the complaint clearly states a good cause of action, and because the question whether there was any substantial evidence to sustain that cause of action was not presented by proper request, ruling, and exception before the trial closed.

Assignments of error No. 17 and No. 18 are too insufficient and indefinite to raise any question for review. United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1; Ireton et al. v. Pennsylvania Co., 185 Fed. 84, 107 C. C. A. 304; Chicago Terminal Transfer R. Co. v. Bomberger, 130 Fed. 884, 65 C. C. A. 64; United States Fidelity & Guaranty Co. v. Board of Commissioners of Woodson County, Kan., 145 Fed. 144, 76 C. C. A. 114; Webb et al. v. National Bank of Republic of Chicago, 146 Fed. 717, 77 C. C. A. 143; Morris et al. v. Canda et al., 80 Fed. 739, 26 C. C. A. 128.

The application of the principles of law herein referred to preclude us from considering any of the assignments of error except No. 1 and No. 2.

[3] Assignment of error No. 1 relates to the request made at the close of all the evidence for certain findings of law. In a case tried to the court under section 1587, U. S. Compiled Statutes, when request is made to find propositions of law claimed to be applicable, and the court refuses so to do, and exceptions are taken, reviewable questions are presented to this court. The requests presented in this case, while designated as propositions of law, are really for findings of fact or mixed questions of law and fact, with the exception of request No. 11, and with that exception are settled by the general finding of the court. The court refused the requests "in so far as granting them might be favorable to the defendant, and they have not already been covered by the views which had just been expressed." This court is, under this record, not only concluded by the findings of fact, but by the refusal to find facts. If it was error to refuse so to do, it was error in not giving sufficient weight to the testimony. As there was substantial evidence bearing on these questions, its weight was for the trial court, and it is not for this court to weigh the evidence. In United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 270 Fed. 1, 4, this court said:

"The making of special findings of facts in an action at law tried by the court on a waiver of a jury is discretionary with the trial court, and its action in making such findings, in refusing to make requested findings, or in refusing to amend findings made, is not subject to exception, or to a sub-

sequent review in a federal appellate court. City of Key West v. Baer, 66 Fed. 440, 444, 13 C. C. A. 572; Berwind-White Coal Min. Co. v. Martin, 124 Fed. 313, 60 C. C. A. 27; Ætna Life Ins. Co. v. Board of County Commissioners of Hamilton Co., 79 Fed. 575, 576, 25 C. C. A. 94."

[4] The eleventh request is a request for a finding of law, namely:

"That no recovery at law of the consideration paid for an executed contract can be had, but that the remedy, if any, is in equity to set the same aside for fraud."

It was not applicable to the case, however, in view of the court's findings as to the facts, and in refusing to grant the same there was no error.

Assignment of error No. 2 presents a substantial question, namely: Did the court err in permitting to be introduced in evidence, certain statements relating to the production of oil and gas and also as to titles made by one J. P. Cappeau, Jr., agent of plaintiff in error, under the findings of the court?

[5] It is urged that all understandings, as they are termed by plaintiff in error, became merged in the letter of September 29, 1919, from plaintiff in error to defendant in error, and that the oral statements of J. P. Cappeau, Jr., are inconsistent and contradictory to said letter of September 29th, which is the real basis of the contract. Of course, the principle is familiar that the negotiations of the parties leading up to a written contract are immaterial, but where fraudulent representations inducing the contract are alleged then, of necessity, an exception to the general rule is presented. We are not convinced that the Cappeau, Jr., statements are inconsistent with or contradictory to the letter of September 29th, or that they could be considered in any way as "understandings." However, if they were, there was no error in their admission and for this reason: The petition presented two theories for recovery: (1) False representations relied upon and inducing defendant in error to part with his money; (2) failure of consideration.

[6, 7] Certainly the representations made, which were claimed to be false, were admissible under the first count, even if inconsistent with the terms of the contract. Tevis v. Ryan, 233 U. S. 273, 34 Sup. Ct. 481, 58 L. Ed. 957; Burroughs Adding Mach. Co. v. Scandinavian-American Bank (D. C.) 239 Fed. 179; Barnes v. Union Pac. Ry. Co., 54 Fed. 87, 4 C. C. A. 199. In any event, if the court erred in admitting such evidence, there was no prejudice, because, while the court found there had been a gross misstatement as to the production of gas, it placed its finding as to the right to rescind on the defect in title. In other words, a substantial failure of consideration—a well-recognized ground for rescission of a contract, and recovery back of money paid thereon. 13 C. J. § 659; 6 R. C. L. § 309.

Although the vital questions here are not properly presented by the record, we have examined the evidence, and are abundantly satisfied that the judgment of the trial court is sustained by substantial evidence and the same is affirmed.