## KANSAS CITY LIFE INS. CO. v. SHIRK et al.
### No. 419.

Circuit Court of Appeals, Tenth Circuit.
May 27, 1931.

Frank W. McAllister, of Kansas City, Mo., and Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, and Ralph W. Oman, all of Topeka, Kan., for appellant.

John S. Dean, John S. Dean, Jr., Frazor T. Edmondson, and George W. Ball, all of Topeka, Kan., for appellees.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This is an action at law brought on two policies of life insurance, one for $2,000 and the other for $3,000. The parties will be referred to as they stood on the record below. These policies were issued on the life of Alfred L. Waterman. As written, they were payable to the estate of the insured, but later the policy of $3,000 was made payable to Mary E. Waterman, and the $2,000 policy to Flossie B. Waterman. It is claimed by plaintiff these policies were assigned to one George G. Shirk, a creditor of Waterman, and that Shirk became the beneficial owner of the policies, to the extent of the money he had advanced to Waterman to pay premiums on the policies. In September, 1926, the Insurance Company had possession of the policies to secure loans, paid Waterman the balance of their surrender value without the knowledge of Shirk, and canceled the policies. Waterman died March 26, 1928. Proofs of death were furnished in April, 1928, and were denied by the Insurance Company, and an action on the policies was instituted, and the case removed into the federal court. Issue was joined and the case was tried before the court, a jury having been waived, on an agreed statement of facts found in the record.

The first question presented is: What question or questions are presented by the record that can be reviewed by this court? No declarations of law were requested by defendant below which were by the court denied, and exception saved, as must be done to obtain a review in this court of an action at law tried by a court without a jury. It is true, defendant requested findings of fact and conclusions of law to be made by the court, and such request was not granted, except in so far as stated hereinafter, but no exception was saved to the refusal or failure of the court to grant defendant's motion, and, under the settled rule of decision, the granting or refusal to grant such motion is purely discretionary.

As said by Judge Phillips in Alexander T. White, Appellant, v. United States of America, Appellee, 48 F.(2d) 178, 181, January term, 1931, Tenth circuit, delivered March 17, 1931: "Whether the findings shall be special or general rests in the discretion of the trial court and its refusal to make special findings is not reviewable on appeal. Modoc County Bank v. Ringling (C. C. A. 9) 7 F. (2d) 535, 536; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A. 5) 299 F. 478, 480; Compania Trans. de Petroleo v. Mexican Gulf Oil Co. (C. C. A. 2) 292 F. 846, 848; United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 853; Denver L. S. Comm. Co. v. Lee (C. C. A. 8) 18 F.(2d) 11, 16; Southern Surety Co. v. United States (C. C. A. 8) 23 F.(2d) 55, 59; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983."

In this state of the record, is there any question raised that may be considered under the well-settled rule of decision obtaining in the Federal Appellate Courts when considering judgments in actions at law tried before the court without a jury?

"In a jury waived case, where the parties make and file an agreed statement of the ultimate facts, or the court makes and files special findings of the ultimate facts, the sufficiency of such facts to support the judgment presents a question of law reviewable on appeal. Supervisor of Wayne County v. Kennicott, 103 U. S. 554, 556, 26 L. Ed. 486; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 127, 22 S. Ct. 55, 46 L. Ed. 113; United States Trust Co. v. New Mexico, 183 U. S. 535, 540, 22 S. Ct. 172, 46 L. Ed. 315; Tatum v. Davis (C. C. A. 8) 283 F. 948, 949; Panama R. Co. v. Beckford (C. C. A. 5) 231 F. 436, 440; Abernathy v. Oklahoma (C. C. A. 8) 31 F.(2d) 547, 548; Newlands v. Calaveras M. & M. Co. (C. C. A. 9) 28 F.(2d) 89, 90.

"Such an agreed statement of facts or special findings must be of the ultimate facts, as distinguished from the evidentiary facts. Wilson v. Merchants' Co., supra; United States Trust Co. v. New Mexico, supra; Kentucky L. & A. Ins. Co. v. Hamilton (C. C. A.) 63 F. 93; Raimond v. Terrebonne Parish, 132 U. S. 192, 194, 10 S. Ct. 57, 33 L. Ed. 309; Grayson v. Lynch, 163 U. S. 468, 472, 16 S. Ct. 1064, 41 L. Ed. 230; United States v. Sioux City Stock Yards (C. C. A. 8) 167 F. 126; United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 854. An exception is not a prerequisite to a review of the question of the sufficiency of the agreed statement of" (the ultimate) "facts or the specific findings to support the judgment, since such a question is presented on the record proper. Chicago, R. I. & P. Ry. Co. v. Barrett (C. C. A. 6) 190 F. 118, 123; Seeberger v. Schlesinger, 152 U. S. 581, 586, 14 S. Ct. 729, 38 L. Ed. 560; Webb v. National Bank of Republic (C. C. A. 8) 146 F. 717, 719; United States v. La Franca, decided February 24, 1931, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551." White v. United States, supra.

Now it is to be noted the instant case was submitted to and heard by the court on an agreed statement of the facts, and which facts, twenty-five days after judgment, were ordered by the court incorporated in the decree on the overruling of a motion for a new trial. Incorporation of the agreed facts into the decree was in violation of equity rule 71 (28 USCA § 723). Yet, considering this to have been done contrary to the express provisions of the rule as to the form and contents of a decree in equity, what is the effect of the agreed facts on which this case was tried, and which facts were incorporated by the court into the decree? As the special findings of fact found by the trial court were the same identically with the stipulated facts, it is evident defendant below did not and could not well except to the same. However, where a case tried before the court, a jury being waived, upon agreed facts, such agreed facts, if the ultimate facts of the case as contradistinguished from mere evidentiary facts, may be examined on review for the purpose of determining whether such ultimate agreed facts, on which the case was heard and determined, support the judgment rendered, without any exception thereto; but if the agreed facts, or the special findings of fact made by the trial court are merely evidentiary in their nature, as contradistinguished from the ultimate facts of the case, in such case said facts may not be examined, without exception saved in the record, for the purpose of determining whether the evidentiary facts support the judgment rendered. This proposition is settled by a wealth of decisions controlling here. Supervisor of Wayne County v. Kennicott, 103 U. S. 554, 556, 26 L. Ed. 486; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 127, 22 S. Ct. 55, 46 L. Ed. 113; United States Trust Co. v. New Mexico, 183 U. S. 535, 540, 22 S. Ct. 172, 46 L. Ed. 315; White v. United States, supra; Tatum v. Davis (C. C. A. 8) 283 F. 948, 949; Panama R. Co. v. Beckford (C. C. A. 5) 231 F. 436, 440; Abernathy v. Oklahoma (C. C. A. 8) 31 F.

1048

(2d) 547, 548; Newlands v. Calaveras M. & M. Co. (C. C. A. 9) 28 F.(2d) 89, 90.

Again, where the facts agreed upon are the ultimate facts of the case, and not merely evidentiary facts, an exception thereto is not a prerequisite to review of the question of the sufficiency of the agreed facts or special findings to support the judgment. See Seeberger v. Schlesinger, 152 U. S. 581, 586, 14 S. Ct. 729, 38 L. Ed. 560; Chicago, R. I. & P. Ry. Co. v. Barrett (C. C. A. 6) 190 F. 118, 123; Webb v. National Bank of Republic (C. C. A. 8) 146 F. 717, 719; United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551, decided February 24, 1931.

In Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 22 S. Ct. 55, 58, 46 L. Ed. 113, Mr. Justice Peckham delivering the opinion for the court, said:

"The result of the decisions under the statutes providing for a wavier of trial by jury, and the proceedings on a trial by the court (Rev. St. §§ 649, 700) is that when there are special findings they must be findings of what are termed ultimate facts, and not the evidence from which such facts might be but are not found. If, therefore, an agreed statement contains certain facts of that nature, and in addition thereto and as part of such statement there are other facts of an evidential character only, from which a material ultimate fact might be inferred, but which is not agreed upon or found, we cannot find it, and we cannot decide the case on the ultimate facts agreed upon without reference to such other facts. In such case we must be limited to the general finding by the court. We are so limited because the agreed statement is not a compliance with the statute.

"As to what is necessary in special findings or in an agreed statement of facts, the authorities are decisive. It is held that upon a trial by the court, if special findings are made, they must be not a mere report of the evidence, but a finding of those ultimate facts on which the law must determine the rights of the parties; and if the finding of facts be general, only such rulings of the court in the progress of the trial can be reviewed as are presented by a bill of exceptions; and in such case the bill cannot be used to bring up the whole testimony for review, any more than in a trial by jury. Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608.

"In this case the finding is general, and strictly construing the statute, the only questions which would be reviewable would be those questions which arose during the progress of the trial, and which were presented by bill of exceptions. It has, however, been held that where there was an agreed statement of facts submitted to the trial court and upon which its judgment was founded, such agreed statement would be taken as an equivalent of a special finding of facts. Supervisors v. Kennicott, 103 U. S. 554, 26 L. Ed. 486. But as such equivalent, there must of course be a finding or an agreement upon all ultimate facts, and the statement must not merely present evidence from which such facts or any of them may be inferred.

"An exception to a general finding of the court on a trial without a jury brings up no question for review. The finding is conclusive, and there must be exceptions taken to the rulings of the court during the trial in order to permit a review thereof. Insurance Company v. Folsom, 18 Wall. 237, 21 L. Ed. 827."

In United States Trust Co. v. New Mexico, 183 U. S. 540, 22 S. Ct. 172, 174, 46 L. Ed. 315, that great and accurate lawyer, Mr. Justice Brewer, delivering the opinion for the court, said:

"The case was heard in the district court upon an agreed statement of facts, which was thereafter certified by the supreme court of the territory as a statement of facts under the act of April 7, 1874. We have had several occasions to consider the effect of an agreement of the parties as to the facts. See Wilson, Receiver, etc., v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 S. Ct. 55, 46 L. Ed. 113, and cases cited in the opinion. An agreed statement of facts may be the equivalent of a special verdict or a finding of facts upon which a reviewing court may declare the applicable law, if such agreed statement is of the ultimate facts, but if it be merely a recital of testimony or evidential facts, it brings nothing before an appellate court for consideration. The same rule obtains in cases of appeals from territorial courts under the act of 1874. * * *

"Tested by the various authorities just cited, the certified statement of facts is insufficient, and presents nothing for our examination. This disposes of most of the questions discussed by counsel."

Under all the authorities, this distinction between cases tried on agreed ultimate facts, and the finding of the ultimate facts in a case, and a statement of the evidential facts, is kept clearly in mind in determining the right of an appellate court to review the findings

.made for the purpose of determining whether the judgment rendered is supported by the facts found or agreed. It is therefore necessary to determine whether the agreed facts in the instant case can be examined to ascertain whether they support the judgment rendered. In other words, are the agreed facts found in this record in their nature the ultimate facts in the case, or are they merely evidentiary facts, or part evidentiary and part ultimate facts, in which latter case, under the settled rule of decision, we are powerless to review. When we turn to the agreed facts found in the record in this case, we find not alone the many facts stipulated to be almost purely evidentiary in their nature, but thereto are attached very many letters passing between the defendant company and the claimant to a beneficial interest in the policies, which evidential facts must be read and construed as to their legal intent and meaning. Not only so, but in finding IX of the agreed facts, the following occurs: "It is understood and agreed that the above is only an agreement of a portion of the facts in said case and that other evidence may be introduced."

Now, whether further evidence was introduced, or, if so, what it was, is not disclosed by this record. Hence, in this case the agreed facts, in any event, are only a portion of the evidentiary facts, and not an agreed finding of the ultimate facts on which a judgment in the case may be based; and hence, whether the same supports the judgment, in the absence of a declaration of law requested of the court, denied and exception saved, there is no right of review of any question of law saved for review in this court, and this court is powerless to review the case.

Since we are precluded from considering the errors assigned, the judgment appealed from must be affirmed. It is so ordered.