## PANAMA R. CO. v. BECKFORD.

(Circuit Court of Appeals, Fifth Circuit. March 29, 1916.)

No. 2881.

1. COURTS ⟜356—FEDERAL COURTS—PROPER MODE OF REVIEW—STATUTE.

Under Panama Act Aug. 24, 1912, c. 390, § 9, 37 Stat. 565 (Comp. St. 1913, § 10045), authorizing the Circuit Court of Appeals for the Fifth Circuit to review certain judgments of the District Court of the Canal Zone, and providing that such appellate jurisdiction may be exercised under the same regulations and by the same procedure as nearly as practicable as is done in reviewing final judgments of the District Court of the United States, an action at law in the District Court of the Canal Zone can only be reviewed on writ of error, and a suit at equity only by appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⟜356.]

2. APPEAL AND ERROR ⟜989—REVIEW—FINDINGS BY COURT.

In civil cases at law tried without a jury, where the finding is general, the review extends only to errors arising in the course of the trial; but where there is a special finding of facts, or an agreed statement, the appellate court can inquire whether the facts support the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3897; Dec. Dig. ⟜989.]

3. APPEAL AND ERROR ⟜1070(2)—HARMLESS ERROR—DELAY IN MAKING FINDING.

The failure of the court to make special findings of fact before judgment, or to make its subsequent findings as of the day of the trial, is not prejudicial to plaintiff in error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4232, 4233; Dec. Dig. ⟜1070(2).]

4. APPEAL AND ERROR ⟜1012(1)—REVIEW—FINDINGS—SUFFICIENCY OF EVIDENCE.

On error to a judgment after trial based on specific findings by the trial court, the weight of the evidence cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3990–3992; Dec. Dig. ⟜1012(1).]

In Error to and Appeal from the District Court of the Canal Zone; William H. Jackson, Judge.

Action by James Beckford against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error and appeals. Affirmed on the writ of error, and appeal dismissed.

James Beckford, an employé of the Panama Railroad Company, was injured by one of the company's engines while engaged in his work of track oiler and repairer in the Cristobal yards. He instituted suit to recover damages in the District Court of the Canal Zone against the company, and recovered damages in the sum of $2,500. The court held that he was free from negligence and that his injuries resulted from the company's negligence. It was found by the court that at the time plaintiff was injured he was 47 years of age and earned 10 cents per hour, working 10 hours per day; that as a result of his injury his left arm was amputated at or near the shoulder; that he also received an incised scalp wound in the frontal region; that he remained in the Colon Hospital for a period of five months, suffering pain and agony, and since he was discharged therefrom he has been unable to engage in manual work, and has suffered a substantial diminution of his permanent earning capacity for the future.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The case is brought to this court by appeal, as well as on writ of error, because, as averred, the counsel for the plaintiff in error are in doubt respecting the applicability of the one or the other of the two methods of review. The record shows that on October 6, 1915, the court rendered the following judgment:

"James Beckford v. The Panama Railroad Company.

"No. 53, Civil Damages.

"This cause being regularly called for trial, parties are in open court in person and by their respective attorneys and announce ready for trial. The defendant objects to the admission of certain photographs for the purpose of showing the physical situation at the point where the plaintiff was injured, on the ground that they are not competent. Objection is overruled and exceptions noted. Plaintiff objects to the testimony of Ralph Sartor on behalf of the defendant on the ground that he should have retired under the rule. Objection overruled and exceptions taken. Plaintiff objects to the deposition of Mr. Mitchell of Chicago in its entirety. Sustained as to question No. 7, and overruled as to balance. Exceptions noted. And the court, having heard all the evidence adduced and the arguments of counsel, finds the issues in favor of the plaintiff and assesses his damages in the sum of two thousand five hundred ($2,500.00) dollars, and—

"It is ordered that the said plaintiff, James Beckford, do have and recover of and from the said Panama Railroad Company, the sum of two thousand five hundred dollars ($2,500.00) and his lawful costs herein incurred and expended."

Thereafter, on the 16th day of October, counsel for plaintiff in error filed a motion praying that the court file a finding of facts and conclusions of law nunc pro tunc as of the day of the trial of this cause as a basis| for the judgment rendered by the court, and therein specially praying that the finding of facts and conclusions of law should cover the following points: The negligence of the defendant company; the nonnegligence of the plaintiff; the contributory negligence of the plaintiff; the damages to which plaintiff is entitled by reason of his physical and mental pain and suffering; loss of earnings as a result of his injuries; and the permanent diminution of the plaintiff's earning capacity. And thereafter, on the 27th day of October, 1915, the court filed a finding of facts and conclusions of law as of the said 27th day of October, 1915, but refused to find said finding of facts and conclusions of law as of the day of the trial, to wit, October 6, 1915, which finding is in words and figures as follows:

"1. That the plaintiff, James Beckford, was on or about April 2, 1913, at work in the yards of the Panama Railroad at Cristobal as a track walker; that he had been so employed for a period of about 18 months prior to his having received the injuries complained of.

"2. That on or about the morning of April 12, 1913, the plaintiff received instructions from the Panama Railroad yardmaster at Cristobal to repair certain defects at a switch on the main line at a point opposite from the colored schoolhouse on the Mt. Hope road, and to have said repairs completed before the passing at this point of the passenger train leaving Colon for Panama at 10:25 a. m.

"3. That the aforementioned instructions were received by plaintiff at about 10 a. m. on the date mentioned; that plaintiff commenced work on the switch indicated at 10:05 or 10:10 a. m., and that plaintiff had been at work for about ten or fifteen minutes at the time he was injured.

"4. That during the time plaintiff was at work on the said switch at the point indicated plaintiff had his face in the direction of Colon, for the reason that in that position he could perform his duties with greater alacrity and for the further reason that he expected a train on the main line track on which he was at work, only from the direction of Colon, which train was the passenger train which left the Colon station for Panama at 10:25 a. m.

"5. That, notwithstanding the fact that he expected no train due north on the main line on which he was at work, plaintiff turned around and looked south in the direction of Panama on three different occasions, the last being about three minutes before he was injured.

"6. That for a long time previous it had been the rule of the Panama Railroad that the engine which pulled the passenger train from Colon to Panama leaving Colon at 10:25 a. m. to leave the roundhouse at the southern end of the Cristobal yards at 10 a. m., proceeding thence north to the Panama Railroad station, where it coupled up with the passenger train, and that on the morning in question engine 655, which injured the plaintiff, had been assigned to pull the aforementioned passenger train from Colon to Panama.

"7. That at the point in the Cristobal yards at which Beckford was at work there are three parallel tracks; that the main track is the one nearest and is parallel to the Mt. Hope road; that Beckford at the time of receiving his injuries was working on the rail nearest the Mt. Hope road; that the ground between the main track and the Mt. Hope road is level and unobstructed, and on the day in question was level and unobstructed.

"8. That at the moment Beckford was run down by the engine 655, which was going north toward Colon depot from the roundhouse in the upper end of the Cristobal yards, engine 656, which was pulling a train of empty western dump cars south from dock 9, was then at a point on the middle track immediately parallel with the point on the main track at which plaintiff was at work.

"9. That engine 656, on the center track, was ringing its bell, and that the train of empty cars which engine 656 was pulling was making the usual noise of a train of empty western dump cars in motion.

"10. At the time plaintiff was injured engine 655, going north, and 656, with its train of empty western dump cars, going south, were the only engines in the immediate vicinity of the place where plaintiff was at work.

"11. That engine 655, on leaving the roundhouse for the Colon depot, had a clear and unobstructed track of a length of 950 feet from the curve to the point at which plaintiff was at work, and that it was easily possible for both engineer and fireman on said engine 655 to have seen plaintiff at his place of work on said switch, as well as it was possible for plaintiff to have seen engine 655 approaching at the said distance of 950 feet, but for the fact that the plaintiff at the time was engrossed in the performance of his work on said switch, with his face toward Colon and his back toward said approaching engine 655.

"12. That at the point 200 feet beyond the point at which Beckford was at work (in the direction of Colon) there was a crossing, and at a point 50 feet beyond said crossing there was situated a semaphore at the left-hand side of the tracks.

"13. That the engineer and fireman on engine 655, as they came within range of vision of plaintiff, noticed the 'block' was against them as indicated by the semaphore, which semaphore was situated 250 feet beyond the point at which Beckford was at work; this necessitated the stopping of engine 655 for one minute at a distance of 930 feet from the point at which Beckford was at work and the blowing of four short blasts of the whistle; that thereafter, the condition as to the track being the same, the same engine 655 proceeded backing on said track, north-bound, at the rate of 7 to 10 miles per hour, without observing the presence of the plaintiff at work on the track, and injured him by running over him, crushing his left arm off at the shoulder, and causing other injuries to his head and sight; that the bell of engine 655 was during this time ringing.

"14. That prior to and at the time engine 655 left the stopping point 930 feet from where plaintiff was at work, up to the moment he was struck by said engine, there was a clear and unobstructed view of the plaintiff to both the engineer and fireman of the said engine 655; that in spite of this favorable condition as to the vision, neither the engineer nor the fireman of the said engine 655 saw the plaintiff at work on the track ahead of them, nor were they aware of the fact that they had injured plaintiff on the track, until they were so informed on their arrival at the Colon depot by the police department; that the engineer and fireman were at the time watching a crossing some distance beyond the plaintiff.

"15. That the plaintiff, Beckford, because of the fact that engine 656 with its train of empty western dump cars was passing south-bound ringing its

bell and creating other incidental noises, and was at a point parallel with the plaintiff at the moment he was injured, and because plaintiff was engrossed in the work, and also because of the fact that while at work on the said switch he was in a stooping position, with his back in the direction of the approaching engine 655, he did not hear nor see the approaching of the said engine 655, and was run down and injured by the said engine.

"16. That at the time plaintiff was injured, he was 47 years of age and earned 10 cents per hour, working 10 hours per day; that as a result of his injury his left arm was amputated at or near the shoulder; that he also received an incised scalp wound in the frontal region; that he remained in the Colon Hospital for a period of 5 months, suffering excruciating pain and agony, and that since his discharge therefrom, a period of 2 years, he has been unable to engage in manual labor; that he has suffered a substantial diminution of his permanent earning capacity for the future.

"As conclusions of law, the court finds: (1) That the defendant was guilty of negligence in failing to observe the presence of the plaintiff at work upon the track and in failing to take the proper precautions to observe the presence of plaintiff, and to stop the engine in time to avoid the injury. (2) That the plaintiff was free from contributory negligence on his part."

On the 29th of October following the plaintiff in error made a motion for a new trial, largely predicated upon errors in said finding, which motion for a new trial being overruled, the plaintiff sued out a writ of error and took an appeal.

Frank Feuille and Walter F. Van Dame, both of Ancon, Canal Zone, for plaintiff in error and appellant.

William C. Todd, of Colon, Canal Zone, Van Gladston de Suze, of Cristobal, Canal Zone, and Donalson Caffery and Lamar C. Quintero, both of New Orleans, La., for defendant in error and appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

PARDEE, Circuit Judge (after stating the facts as above).    [1] Section 9 of the Panama Act (Act Aug. 24, 1912, c. 390, 37 Stat. 565 [Comp. St. 1913, § 10045]), conferring jurisdiction upon this court, is as follows:

"The Circuit Court of Appeals of the Fifth Circuit of the United States shall have jurisdiction to review, revise, modify, reverse, or affirm the final judgments and decrees of the District Court of the Canal Zone and to render such judgment as in the opinion of said appellate court should have been rendered by the trial court in all actions and proceedings in which the Constitution, or any statute, treaty, title, right, or privilege of the United States, is involved and a right thereunder denied, and in cases in which the value in controversy exceeds one thousand dollars, to be ascertained by the oath of either party, or by other competent evidence, and also in criminal cases wherein the offense charged is punishable as a felony. And such appellate jurisdiction, subject to the right of review by, or appeal to the Supreme Court of the United States, as in other cases authorized by law, may be exercised by said Circuit Court of Appeals in the same manner, under the same regulations, and by the same procedure as nearly as practicable as is done in reviewing the final judgments and decrees of the District Courts of the United States."

The statute is clear that our jurisdiction is to be exercised in the same manner and under the same regulations and by the same procedure, as nearly as practicable, as is done in reviewing the final judgments and decrees of the District Courts of the United States.   In the

procedure of the Circuit Courts of Appeal in reviewing final judgments and decrees of the District Courts, the distinction between cases at law and cases in equity is fully recognized, and it is well settled that cases at law can only be reviewed on writs of error, and cases in equity on an appeal. As the present is a case at law, the proper mode to review the same is by writ of error.

[2] In civil cases at law, tried without a jury, when the finding of the court below is a general one, our jurisdiction to review extends only to errors arising in the course of the trial. If in the trial court there is a special finding of facts, or an agreed statement of facts, then the court can inquire further as to whether or not the facts as found or agreed to support the judgment complained of. In this case, after rendering a general finding and judgment, the court made a specific finding of facts as requested, both of which findings fully support the judgment rendered.

[3] The plaintiff in error complains that the court erred in not filing findings of fact prior to rendering judgment, and also erred in overruling the motion to file the same nunc pro tunc as of the day of the trial and prior to the rendition of judgment; but this, we think, if error at all, was error without injury.

[4] In the assignments of error there is no complaint as to any rulings of the court in the progress of the trial; but the burden of them all is the complaint that the court did not find the facts in the case as the plaintiff in error claimed the evidence required. Our only inquiry in regard to them can be as to whether the facts as found support the judgment rendered, and as to that we have no doubt.

The appeal in this case is dismissed, and on the writ of error the judgment of the trial court is affirmed.