### SIMKINS v. SIMKINS et al.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1921.)

No. 3642.

1. **Courts ⬤405(1)—Review of Canal Zone court exercised by appeal or writ of error.**

The jurisdiction of the Circuit Court of Appeals to review final judgments and decrees of the District Court of the Canal Zone, conferred by Panama Canal Act, § 9 (Comp. St. § 10045), which is to be exercised by the same procedure as in reviewing final judgments of District Courts of the United States, is to be exercised by writs of error or appeal within the time fixed therefor by Comp. St. § 1228a.

2. **Certiorari ⬤5(1)—Prohibition ⬤3(2)—Refusal of appeal does not authorize issuance.**

The suggestion that an order of the District Court of the Canal Zone complained of prevented petitioner from taking an appeal does not entitle him to certiorari or prohibition, since a judge of Circuit Court of Appeals would have allowed an appeal, if application had therefor been duly made under Judicial Code, § 132 (Comp. St. § 1124).

3. **Certiorari ⬤16—Prohibition ⬤3(2)—Does not issue to review decree not yet final.**

The fact that decree of the District Court of the Canal Zone which is complained of was not yet final, so that no appeal would lie therefrom, does not entitle a party to have it reviewed by certiorari or prohibition, since the jurisdiction of the Circuit Court of Appeals to review the decrees of that court is restricted to final decrees, and it is not vested with power to superintend or control the action before the final decree is rendered.

Petition for Writs of Certiorari and Prohibition to the District Court of the Canal Zone; John W. Hanan, Judge.

Petition by Arthur Brooks Simkins against Cordelia Luikart Simkins and another for writs of certiorari and prohibition to the District Court of Canal Zone. Petition dismissed.

Charles B. Howry, of Washington, D. C., for petitioner.

Before WALKER, BRYAN, and KING, Circuit Judges.

---

WALKER, Circuit Judge. The petitioner seeks a revision by this court of action taken by the District Court of the Canal Zone in a suit brought against him in that court by Cordelia Luikart Simkins, and to that end prays in the alternative that writs of certiorari or prohibition be issued, for the annulment of action taken by the District Court of the Canal Zone, and for a decree directing and commanding the judge of that court to dismiss the above-mentioned proceeding therein.

Accompanying the petition, which was filed on December 14, 1920, was a certified copy of pleadings, process, motions, orders, decrees, etc., in the suit mentioned, including a decree filed March 16, 1920, as of February 16, 1920, which finally adjudged in favor of the plaintiff in that suit rights asserted by her therein, including claims for more than $1,000. No writ of error or appeal has been sued out to obtain a review by this court of any action taken by the District Court of the Canal Zone in the above-mentioned suit or proceeding. The petition is now before this court on the petitioner's application for an order requiring those named as respondents to show cause why the relief sought should not be granted.

[1] The jurisdiction of this court with reference to action taken by the District Court of the Canal Zone was conferred by the following provision of section 9 of the Panama Canal Act of August 24, 1912 (37 Stat. 565; U. S. Comp. St. § 10045):

"The Circuit Court of Appeals of the Fifth Circuit of the United States shall have jurisdiction to review, revise, modify, reverse, or affirm the final judgments and decrees of the District Court of the Canal Zone and to render such judgments as in the' opinion of the said appellate court should have been rendered by the trial court in all actions and proceedings in which the Constitution, or any statute, treaty, title, right, or privilege of the United States, is involved and a right thereunder denied, and in cases in which the value in controversy exceeds one thousand dollars to be ascertained by the oath of either party, or by other competent evidence, and also in criminal causes wherein the offense charged is punishable as a felony. And such appellate jurisdiction, subject to the right of review or appeal to the Supreme Court of the United States as in other cases authorized by law, may be exercised by said Circuit Court of Appeals in the same manner, under the same regulations, and by the same procedure as nearly as practicable as is done in reviewing the final judgments and decrees of the District Courts of the United States."

The subjects of the appellate jurisdiction conferred by the above set out statute are "final judgments and decrees of the District Court of the Canal Zone," and that jurisdiction may be exercised by this court "in the same manner, under the same regulations, and by the same procedure as is done in reviewing the final judgments and decrees of the District Courts of the United States." The jurisdiction conferred is brought into play by writ of error or appeal. Panama R. Co. v. Beckford, 231 Fed. 436, 145 C. C. A. 430. Neither of these remedies has been resorted to, and the time for doing so has expired, if the judgment or decree complained of was final. U. S. Comp. Stat. par. 1228a.

[2] In behalf of the petitioner it was suggested that by an order which is complained of he was prevented from taking an appeal.

That suggestion does not indicate the existence of a valid excuse for the failure to seek a review by the appropriate method, as a judge of this court could have allowed an appeal, if application therefor had been duly made. Judicial Code, § 132 (Comp. St. § 1124).

[3] Another suggestion is that the decree complained of is lacking in finality. If no final judgment or decree has been rendered in the case, the proceedings in it are not now subject to be reviewed by this court, whose jurisdiction is limited as indicated by the plain terms of the statute. This court has not been vested with power to superintend or control action of the District Court of the Canal Zone in a case or proceeding in which no final judgment or decree has been rendered.

The conclusion is that the petitioner is not entitled to the relief sought or any part of it. It follows that the petition should be dismissed. It is so ordered.

Petition dismissed.